```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------X

CENTURY 21 REAL ESTATE CORP.,
            Plaintiff,

    -against-                              ORDER
                                           06-mc-417 (KAM)
CHAMPION HOME SALES, INC.
et al.,
            Defendants.

-----------------------------X
```
**MATSUMOTO**, United States District Judge:

    Plaintiff Century 21 Real Estate Corporation has made a motion for contempt against defendant Eric Vincent for failure to comply with a subpoena dated July 19, 2013.  (ECF No. 3.) For the reasons stated below, the motion is denied due to inadequate service of the subpoena.

    In support of this motion, plaintiff provides an affidavit stating that service was made by affixing the subpoena to the door of what plaintiff believes to be Mr. Vincent's residence and then mailing it to that address, pursuant to N.Y. C.P.L.R. 308(4).  (ECF No. 3-3, at 7.)  Section 308(4) permits this method of service after personal service (or service on another suitable person "at the actual place of business, dwelling place or usual place of abode") has been attempted "with due diligence."  In this case, service was attempted four times, on weekdays, over an eight-day period in the summer.  The affidavit

does not indicate to whom the server spoke in order to establish the address is in fact Mr. Vincent's actual dwelling place or usual place of abode. These attempts do not establish the level of diligence that permits "nail and mail" service. *See Reed Holdings Inc. v. O.P.C. Corp.*, 122 F.R.D. 441, 443 (S.D.N.Y. 1988) (where no attempts were made to serve defendant on weekends or to determine the address of his place of business, plaintiff was not adequately diligent); *McSorley v. Spear*, 854 N.Y.S. 759, 760-61 (2d Dep't 2008) (attempted personal service on three successive weekdays and a lack of "genuine inquir[y] about the defendant's whereabouts and place of employment" did not constitute due diligence (internal citations omitted)).

For the above reasons, defendant's motion is denied without prejudice to renew after three additional attempts to effect personal service evidencing due diligence are made.

**SO ORDERED.**

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

Dated: October 10, 2013
       Brooklyn, New York