```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

CENTURY 21 REAL ESTATE CORPORATION
                                              ORDER ADOPTING REPORT
                    Plaintiff,                AND RECOMMENDATION

     -against-
                                              06-MC-417 (KAM)(JO)
CHAMPION HOME SALES, INC.,
et al.,

                    Defendants.

----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On September 18, 2013, plaintiff Century 21 Real Estate Corporation moved for contempt against defendant Eric G. Vincent ("Vincent") for failure to comply with a subpoena dated July 19, 2013. (ECF No. 3.) Pursuant to the subpoena, Mr. Vincent was commanded to appear for a deposition on August 29, 2013 and to produce certain documents by August 23, 2013. (ECF No. 3-3, at 1.) The defendant failed to produce any documents and failed to appear for his deposition. (ECF No. 3, at ¶ 7, ¶ 12.) On October 10, 2013, the court denied without prejudice plaintiff's motion for contempt against Vincent and to compel him to produce the requested documents and appear for deposition. (ECF No. 4.) The court denied the motion due to inadequate service of the subpoena, but did so without prejudice to renew after three additional attempts to effect personal service were made. (*Id.*)

On December 23, 2013, plaintiff filed a second motion for contempt and to compel the defendant to comply with the subpoena. (ECF No. 5.) The plaintiff attempted personal service of a subpoena upon defendant Vincent dated October 14, 2013, an additional five times. The process server also stated that he spoke with an individual who confirmed that the defendant lived at the address where service was attempted, but had no knowledge of the defendant's place of employment. (ECF No. 5-4, at 7.) Again, Mr. Vincent did not appear for his deposition scheduled for December 3, 2013 pursuant to the subpoena and also failed to produce any requested documents. (ECF No. 5, at ¶ 14.)

On December 27, 2013, the court referred the motion to Magistrate Judge James Orenstein. (Order Referring Case, 12/27/13.) On December 30, 2013, Judge Orenstein issued an order directing defendant Vincent to respond, in writing, to plaintiff's motion by January 6, 2014. (ECF No. 6.) Judge Orenstein also ordered the plaintiff and defendant to appear before the court on January 13, 2014. (*Id.*) Defendant Vincent did not respond to the motion and did not appear as required by Judge Orenstein's order. (ECF No. 8.)

On January 13, 2014, Judge Orenstein issued a Report

and Recommendation (Report and Recommendation ("R&R"), 1/13/14), in which he recommended that the court grant the plaintiff's motion, adjudge defendant Vincent in contempt, order defendant Vincent to comply with the subpoena by a date certain on pain of arrest, and award the plaintiff reasonable costs in the amount of $750. The R&R notified Vincent of his right to file objections by January 30, 2014, and plaintiff served Vincent with the R&R on January 15, 2014.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

Upon a review of the R&R, and considering that the parties have failed to object to any of Judge Orenstein's recommendations, the court finds no clear error in Judge Orenstein's R&R.

First, the court is satisfied that plaintiff properly served the defendant with the subpoena and Judge Orenstein's orders. N.Y. C.P.L.R. 308(4) requires that personal service be attempted "with due diligence" before service by affixing the summons to the door of the dwelling is permitted. Here, the process server made five additional attempts to serve the defendant, at different times and on different days, after confirming that the defendant resided at the given address. On November 4, 2013, the process server then affixed the subpoena to the door of defendant's residence and on November 6, 2013, the process server also mailed a copy of the subpoena to the defendant via the United States Post Office. (ECF No. 5-4, at 7.)

Second, the court finds the defendant is in contempt for failure to obey the subpoena and court's order dated December 30, 2013 to respond to the plaintiff's motion for contempt by January 6, 2014 and appear in court on January 13, 2014. Under Rule 45 of the Federal Rules of Civil Procedure, the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). Rule 45 grants the court the power to hold a party in contempt "simply on the basis of failure to

comply with a subpoena." *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (citing *Diamond v. Simon*, No. 89 CV 7061, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994); *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1364 (2d Cir. 1991)). In *Cont'l Ins. Co. v. Atlantic Cas. Ins. Co.*, Judge Chin held in contempt a third-party that failed to respond to a subpoena and imposed sanctions when the third-party "(1) failed to obey the subpoena by attending the deposition, (2) failed to oppose the defendant's motion for contempt, (3) failed to comply with [the] Court's July 17, 2008 order, and (4) did not make a motion to quash or modify the subpoena." No. 07 Civ. 3635, 2008 WL 3852046, at *2 (S.D.N.Y. Aug. 13, 2008).

Here, defendant Vincent, despite being properly served, (1) failed to obey the subpoena dated October 14, 2013 by attending the deposition and producing the requested documents; (2) failed to respond to plaintiff's motion for contempt in violation of Judge Orenstein's Order dated December 30, 2013; (3) failed to appear before Judge Orenstein in violation of his Order dated December 30, 2013; and (4) failed to object to Judge Orenstein's R&R granting plaintiff's motion. Despite plaintiff's repeated attempts to contact Mr. Vincent, he

has been completely unresponsive, ignoring what is required of him under the law.

Accordingly, the court hereby affirms and adopts the R&R as the opinion of the court. The plaintiff's motion for contempt is granted, and the court rules that the defendant, Eric Vincent, is hereby adjudged in contempt of this court. A separate Order of Contempt will be issued forthwith and plaintiff is directed to serve Mr. Vincent by a verifiable method, including, but not limited to United States Mail-Return Receipt Requested, with copies of this Order adopting the R&R and the Order of Contempt and file a declaration of service by close of business on Nov. 5, 2014.

**SO ORDERED.**

Dated:   November 4, 2014
         Brooklyn, New York

                                    _____  ___/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge
                                    Eastern District of New York